**Arthur Roy GOUDEAU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00760–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 8, 1997.

Rosa A. Eliades, Houston, for appellant.

Kimberly A. Stelter, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

---

## OPINION

YATES, Justice.

This appeal concerns the voluntariness of a guilty plea. Appellant, Arthur Roy Goudeau, contends his plea of guilty was involuntary because the trial court failed to inform him, or misinformed him, of his right to appeal the trial court's determination to adjudicate guilt after the court had granted deferred adjudication. We affirm.

Appellant was charged by indictment with one count of felony theft. On October 3, 1990, appellant entered a plea of guilty, and pursuant to a plea agreement, the trial court placed him on deferred adjudication for six years. On March 22, 1995, the State filed a motion to adjudicate guilt. The trial court granted the motion to adjudicate guilt, found appellant guilty, and sentenced him to two years confinement.

During the initial plea hearing, before the trial court accepted appellant's guilty plea and before the trial court deferred an adjudication of guilt, the following exchange took place:

[The Court]: Before I decide whether or not to follow that agreement, Mr. Goudeau, let's talk about deferred adjudication. If you successfully complete that deferred adjudication, there is never any record of a conviction, there is never any record of a finding of guilt. If you do not successfully complete it, it has some of disadvantages [sic]. If you come back before this Court, the Court is not bound by the earlier limit of six

years. The Court can and probably would impose the full 10 years. Do you understand that?

[Appellant]: Yes, I do.

[The Court]: Do you understand it limits your already limited right of appeal and the only avenue of appeal that you have is if the Court abused its discretion in adjudicating your guilt, which is a very narrow, specific issue. Do you understand that?

[Appellant]: Yes, sir.

[The Court]: Do you still want the Court to follow that agreement?

[Appellant]: Yes, sir.

[The Court]: Very well. The Court will advise you that it will follow the agreement. Following this you will not be allowed to appeal from this proceeding today without permission from the Court. The Court will advise you it will not grant that permission. Do you understand that?

[Appellant]: Yes, sir.

[The Court]: Knowing that, do you still wish to plead guilty?

[Appellant]: Yes.

In his sole point of error, appellant contends his plea of guilty was involuntary because the trial court failed to properly admonish him. Appellant argues that the trial court only informed him that his right to appeal would be limited and that this admonition is insufficient under section 5(a) of article 42.12 of the Code of Criminal Procedure.[1] Alternatively, appellant contends the admonitions were incorrect because section

---

1. The version of section 5(a) of article 42.12 in effect at the time of appellant's plea stated in part:

(a) Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision.

(b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal my be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (emphasis added).

5(b) clearly states that no appeal may be taken from a determination by the court of whether to proceed with an adjudication of guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b). The trial court indicated that appellant could only appeal any abuse of discretion on the part of the trial court. He claims the trial court misled him, and thus, his plea was involuntary.

■ The Court of Criminal Appeals has recently held that a defendant who receives deferred adjudication as part of a plea agreement may appeal the voluntariness of the agreement because of the trial court's failure to instruct the defendant with the article 42.12, section 5 admonitions. *Brown v. State*, 943 S.W.2d 35, 42 (Tex.Crim.App.1997). Thus, we must consider whether appellant's negotiated plea was involuntary.

■ Even if an accused does not receive the required admonishments, he must still show that he would not have entered the plea had the trial court provided the required information. *Id.* at 42. To meet this requirement, appellant must prove he did not know the information that section 5 requires the trial court to convey. *Id.* at 42–43. He would also have to prove he would not have entered the plea if he had known the information. *Id.* Appellant has not made such a showing.

Moreover, there is some evidence that appellant's plea was not involuntary. The trial court informed appellant that after a determination of guilt "the only avenue of appeal" is the trial court's abuse of discretion in adjudicating guilt. Appellant does not argue the trial court abused its discretion. This amounts to some evidence that appellant would have entered into the plea even if he had known that he could not appeal from any determination of guilt, rather than being allowed to appeal only on abuse of discretion grounds. *See id.* at 42–43. We overrule appellant's sole point of error.

The judgment of the trial court is affirmed.

The new version of the statute, effective January 1, 1996, states that a trial court's failure to admonish the defendant under subsection (b) is not grounds for reversal unless the defendant shows that he was harmed by the failure of the judge to provide the information. *Id.*